UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHMOND ESSEX LP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRANDON DANIELS,<br><br>　　　　　Defendant. | Case No. 25-cv-05686-WHO<br><br>**ORDER ADOPTING REPORT & REOCMMENDATIONS; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; AND REMANDING CASE**<br><br>Re: Dkt. Nos. 3, 10, 17 |

Currently before the Court is Magistrate Judge Thomas S. Hixson's July 11, 1015, Report and Recommendation concerning defendant Brandon Daniels's Notice of Removal. Report and Recommendation ("Report") [Dkt. No. 10]; Notice of Removal [Dkt. No. 1]. Objections to the Report were due July 25, 2025. Mr. Daniels timely filed his objections, along with an Answer and Counterclaim against plaintiff Richmond Essex LP on July 15, 2025. *See* Dkt. Nos. 14–16.

As an initial matter, Mr. Daniels moves to proceed in this case in forma pauperis. Dkt. No. 3. The *in forma pauperis* statute authorizes a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees. 28 U.S.C. § 1915(a). When presented with an application to proceed in forma pauperis, a court must first decide whether the applicant satisfies the economic eligibility requirements of 28 U.S.C § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Mr. Daniels satisfies these requirements, and his application to proceed in forma pauperis is GRANTED.

In his Report, Judge Hixson recommended that the case be REMANDED because there is no basis for federal subject matter jurisdiction over it. *See* Report at 1. Judge Hixson discussed that the complaint, originally filed by Richmond Essex LP in Contra Costa County Superior Court,

alleges only one count of unlawful detainer and therefore lacks federal question jurisdiction. *See* Report at 2–3 (collecting cases); Notice of Removal at 2–6. Judge Hixson further discussed that because Mr. Daniels is a California citizen, he may not remove the case based on diversity jurisdiction. *See* Report at 3.

I have reviewed the Notice of Removal and Judge Hixson's Report and Recommendation and agree that Mr. Daniels fails to establish federal jurisdiction. I have also reviewed Mr. Daniels' objections, Answer, and Counterclaim. In each, he alleges that plaintiff has committed fraud, breach of contract, and unlawful retaliation resulting in unjust enrichment. Objections [Dkt. No. 14] at 2–3; Counterclaims [Dkt. No. 16] at 4–6. He additionally alleges due process violations should he not be permitted to bring his case in federal court. Objections at 4. Mr. Daniels also raises a number of affirmative defenses. Counterclaims at 3. As explained by Judge Hixson, *see* Report at 3–4, "anticipated federal defense[s] or counterclaim[s] [are] not sufficient to confer jurisdiction" in federal court. Report at 3 (collecting cases). Mr. Daniels's additional filings, therefore, cannot demonstrate subject matter jurisdiction in this court. Removal was improper.

Accordingly, the Court ADOPTS the Report and Recommendation and REMANDS this case to Contra Costa County Superior Court. Plaintiff's Motion to Remand is DENIED as moot. *See* Dkt. No. 17.

**IT IS SO ORDERED.**

Dated: July 24, 2025

William H. Orrick
United States District Judge